**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **DAVID ANDREWS,** | **Civil Action No. 19cv9136(RMB)** |
| Petitioner, | |
| v. | OPINION |
| **WARDEN ORTIZ,** | |
| Respondent. | |

**BUMB,** United States District Court

Petitioner David Andrews is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 because the BOP denied him a Public Safety Factor ("PSF") waiver that would have permitted him to transfer to a minimum security camp facility. (Pet., ECF No. 1.) Petitioner is financially eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), and the Court grants his IFP application.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner."

For the reasons discussed below, the Court will dismiss the § 2241 petition for lack of jurisdiction.

I. THE PETITION

Petitioner is serving a sentence imposed by the United States District Court in Baltimore, Maryland on October 27, 2015. (Pet., ECF No. 1, ¶4.) On December 20, 2017, Petitioner's Case Manager and Unit Team at FCI Fort Dix denied Petitioner's request to have his PSF classification waived so he could transfer to a prison camp and take vocational training, as ordered by his sentencing court. (Id., ¶6.) On January 25, 2018, Warden Ortiz denied Petitioner's request to have his PSF classification waived. (Id., ¶7.) Petitioner appealed Warden Ortiz's decision to the Bureau of Prison's ("BOP") Northeast Regional Office, and then to the BOP General Counsel. (Id., ¶¶8, 9.) His appeals were denied. (Id.)

Petitioner would like to have his PSF waived pursuant to BOP Program Statement 5100.08. (Id., ¶13, Grounds One and Two)). Petitioner notes that his sentencing judge ordered him to complete a vocational training program and that if transferred to a prison camp, he could perform work using his CDL (Commercial Driver License). (Pet., ECF No. 1, ¶13, Ground 2(a)).

For Ground Three, Petitioner asserts that possession, receipt and trafficking child pornography is not a violent crime, thus,

2

not a threat to the community pursuant to BOP Program Statement 5394.01. (Pet., ECF No. 1, Ground Three.) In Ground Four, Petitioner asserts that only the "DSCC Administrator" is authorized to waive a PSF, and Warden Ortiz would not submit the form to the DSCC for consideration. (Id., Ground Four.)

For relief, Petitioner seeks the following:

> 1) That the B.O.P. cease their biased unwritten policy against no contact Sex Offenders and permit them the opportunity to go to camps, to prepare them for release[;] (2) Require the B.O.P. to pay for some form of Vocational Training to increase my employment opportunities[;] 3) Find the B.O.P. in contempt of court, for ignoring a valid court order for this petitioner to take Vocational Training Classes[;] 4) Find the Government guilty of breach of Plea Agreement.

(Pet., ECF No. 1, ¶15.)

II. DISCUSSION

"Section 2241 'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging ... the execution of his sentence.'" Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) (per curiam) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (citation omitted). Thus, "a challenge under § 2241 must be to the manner in which the sentence is being 'put into effect' or 'carr[ied] out.'" Id. (quoting Woodall, 432 F.3d at 242-43).

This Court lacks jurisdiction over Petitioner's request to find the Government guilty of breaching his Plea Agreement. See In

3

re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) ("Ever since 1948, when Congress enacted § 2255 to allow for collateral review of the sentences of federal prisoners in the trial court, that section, rather than § 2241, has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement.") Petitioner must bring this claim in his sentencing court.

The Court also lacks jurisdiction over Petitioner's challenge to the BOP's refusal to waive his PSF so that he may transfer to a prison camp. Challenges to prison classifications that prevent transfers to a minimum security camp are not cognizable under § 2241. Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 71 (3d Cir. 2017) (per curiam); Hribick v. Warden Fort Dix FCI, 695 F. App'x 25, 26 (3d Cir. 2017) (per curiam).

Petitioner seeks enforcement of his sentencing court's order that he participate in vocational training. The Supreme Court has explained that the BOP, and not a sentencing court, determines the place of a prisoner's imprisonment and the treatment programs in which a prisoner may participate.

> If Congress had similarly meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in prison correctional programs. But in fact, courts do not have this authority. When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," [18 U.S.C.] § 3621(b), and the treatment programs (if any)

4

> in which he may participate, [18 U.S.C.] §§
> 3621(e), (f); § 3624(f). *See also* 28 CFR pt.
> 544 (2010) (BOP regulations for administering
> inmate educational, recreational, and
> vocational programs); 28 CFR pt. 550, subpart
> F (drug abuse treatment programs). A
> sentencing court can *recommend* that the BOP
> place an offender in a particular facility or
> program. See [18 U.S.C.] § 3582(a). But
> decisionmaking authority rests with the BOP.

<u>Tapia v. United States</u>, 564 U.S. 319, 330–31 (2011).

This Court lacks jurisdiction to order the BOP to provide vocational programming consistent with the sentencing court's recommendation.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the § 2241 petition for lack of jurisdiction.

Date: <u>July 10, 2019</u>

                                  <u>s/Renée Marie Bumb</u>
                                  **RENÉE MARIE BUMB**
                                  **UNITED STATES DISTRICT JUDGE**